**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DILIPKUMAR AMBALAL PATEL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70205<br><br>Agency No. A078-908-186<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Dilipkumar Ambalal Patel, a native and citizen of India, petitions for  review

of the Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if Patel established past persecution on account of a statutorily protected ground, the government established by a preponderance of the evidence that he could reasonably relocate within India to avoid harm. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *see also Gonzalez-Hernandez*, 336 F.3d at 998-99 (presumption was rebutted where the agency rationally construed country report and provided an individualized analysis of the petitioner's situation). Accordingly, Patel's asylum claim fails.

Because Patel failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez - Hermandez*, 336 F.3d at 1001 n.5.

Finally, substantial evidence supports the agency's denial of CAT relief because Patel failed to establish it is more likely than not he will be tortured if returned to India. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

09-70205